Filed 5/2/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B275914 (Super. Ct. No. 2015040294) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.N.,<br><br>    Defendant and Appellant. | |

A.N. refused to go to school. She demonstrated her unwavering commitment to avoiding an education when she earned more than 25 unexcused absences during the first half of the academic year. As required, school officials made a "conscientious effort" to meet with A.N. and her parents to address her absenteeism. (Ed. Code, § 48262.)[1] They then referred her case to the School Attendance Review Board (SARB).

---

[1] All further statutory references are to the Education Code unless otherwise stated.

(§ 48263.)  But A.N.'s behavior never changed.  School officials thus turned to the juvenile court in their continuing effort to compel A.N.'s attendance.  She objects, contending that the juvenile court lacks jurisdiction because school officials failed to sequence their disciplinary and counseling resources in conformity with law.  We disagree.

School officials did everything they could and should do to educate—not abandon—A.N., and they did so in conformity with the law.  The juvenile court properly determined that "available public and private services [were] insufficient or inappropriate to correct [A.N.'s] habitual truancy . . . or to correct [her] persistent or habitual refusal to obey the reasonable and proper orders or directions of school authorities."  (Welf. & Inst. Code, § 601, subd. (b).)  We affirm.

BACKGROUND

A.N.'s high school principal sent her parents a notice of truancy after she accumulated four unexcused absences during the first month of the school year.  One week later, the principal sent a second notice that documents five more unexcused absences.  Her principal later sent a third truancy notice.  This notice states that A.N. accrued 10 more absences and would be classified as a habitual truant.  It also states that a referral may be made to the SARB.  The SARB meeting was held the following month.  A.N. accumulated six more unexcused absences before the SARB meeting, and another after it.

Two weeks before the SARB meeting, the district attorney filed a petition in juvenile court to have A.N. declared a habitual truant under section 48262.  The court held a hearing on the petition four months later.  The court sustained the petition, deemed A.N. a habitual truant, and ordered her to pay a $50 fine.

2

## DISCUSSION

A.N. contends that the juvenile court lacked jurisdiction to hear the petition because school officials and the district attorney did not adhere to the requirements set forth in section 48264.5. We disagree.

A student who accrues three or more unexcused absences during the school year shall be reported truant to the school's attendance supervisor. (§ 48260, subd. (a).) The school shall also notify the student's parents of the truancy. (§ 48260.5.) If the student earns another unexcused absence, he or she shall again be reported truant to the attendance supervisor. (§ 48261.) A student reported truant a third time will be deemed a habitual truant and may be referred to, and required to meet with, the SARB. (§§ 48262, 48263, 48264.5, subd. (c).) If the student subsequently fails to comply with the SARB's directives, or is truant a fourth time (i.e., accrues six or more unexcused absences), he or she falls within the juvenile court's jurisdiction. (§ 48264.5, subd. (d); Welf. & Inst. Code, § 601, subd. (b).)

The juvenile court properly exercised jurisdiction here. The first notice of truancy lists four of A.N.'s unexcused absences—one more than required under section 48260. The second notice lists an additional five—four more than required under section 48261. The third lists an additional 10—nine more than required under section 48262. A.N. accumulated seven more unexcused absences after that. Twenty-six unexcused absences during the first half of the school year exceeds the four-truancy threshold that vests jurisdiction in the juvenile court. (*Harrahill v. City of Monrovia* (2002) 104 Cal.App.4th 761, 769 (*Harrahill*).)

A.N. and amicus curiae California Rural Legal Assistance (CRLA) assert that failing to respond to a SARB directive is a prerequisite to juvenile court intervention. But the Education Code contains no such requirement. (§ 48264.5, subd. (d) [a student "may be within the jurisdiction of the juvenile court" the fourth time a truancy issues].) Nor does the Welfare and Institutions Code. (Welf. & Inst. Code, § 601, subd. (b) [conferring jurisdiction on the juvenile court when: (1) the student "has four or more truancies within one school year"; (2) the SARB "determines that the available public and private services are insufficient or inappropriate to correct the habitual truancy of the minor"; or (3) the student "fails to respond to" the SARB's directives].) Rather, these statutes provide the court with flexibility to achieve the legislative objective of a full-time education for California's students. They do not create a single, rigid path leading to the juvenile court. The state's truancy scheme is educational, not penal, in nature. (*In re James D.* (1987) 43 Cal.3d 903, 915.)

The SARB statutory scheme is in accord with the plain language of these statutes. The statute that provides for the creation of SARBs encourages alternatives to juvenile court but does not prohibit its use. (§ 48320, subd. (b)(1) & (2).) The statute that mandates statewide policy coordination for SARBs expresses the Legislature's intent to divert students from court, but does not require SARBs to take specific steps before sending a student there. (§ 48325, subd. (a)(2).) And the statute that describes when a SARB may refer a student to court says nothing to limit referrals of habitual truants. (§ 48263.) Read together, these statutes reinforce the flexibility that schools have when implementing the state's compulsory education law. They do not

4

render subdivision (d) of section 48264.5 or subdivision (b) of section 601 of the Welfare and Institutions Code superfluous or ambiguous.[2]

Case law is not to the contrary. While the court in *In re Michael G.* (1988) 44 Cal.3d 283 noted the Legislature's move toward the use of SARBs as a "condition precedent to the juvenile court's intervention," its holding did not turn on the use or nonuse of the SARB process. (*Id.* at p. 290.) The *Harrahill* court did not adopt *In re Michael G.*'s dictum as law but rather quoted it as part of the appellants' argument. (*Harrahill, supra,* 104 Cal.App.4th at p. 769.) Its holding does not control here.

We hold that the SARB process is not a prerequisite to juvenile court intervention. It is one of several parallel tracks that can lead to a habitual truant's adjudication as a ward of the court. Neither school officials nor the district attorney short-circuited that process here.

A.N. and CRLA alternatively claim that a fourth truancy report must issue before the juvenile court can assert jurisdiction over a habitual truant. We again disagree.

When the Legislature amended section 48264.5 in 2001, it substituted "truancy report" for "truancy" in subdivisions (a), (b), and (c), and "truancy is required to be reported" for "truancy" in subdivision (d). (Stats. 2001, ch. 734, § 29.) When the Legislature amended section 48264.5 again 11 years later, it left in place "truancy report" in subdivisions (a), (b), and (c), but

---

[2] Given our conclusion, we decline CRLA's invitation to refer to extrinsic aids. (*People v. King* (2006) 38 Cal.4th 617, 622.) CRLA's request for judicial notice of these irrelevant materials is denied. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6.)

5

substituted "truancy is issued" for "truancy is required to be reported" in subdivision (d).  (Stats. 2012, ch. 432, § 2.)  We decline to reinsert "report" into subdivision (d).  (*Manufacturers Life Ins. Co. v. Superior Court* (1995) 10 Cal.4th 257, 274.)

DISPOSITION

Parents, teachers, schools, and courts labor mightily to educate California's children.  The Legislature has sought to compliment these efforts by establishing a program of graded consequences to keep the recalcitrant child in school.  Neither corporal punishment nor incarceration (or dunce caps) can or should be used to "encourage" a child to attend school.  This case is but one example—and a good one—of the collective community efforts to achieve that end.

The order is affirmed.

CERTIFIED FOR PUBLICATION.


TANGEMAN, J.

We concur:


YEGAN, Acting P. J.


PERREN, J.

6

William R. Redmond, Commissioner

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

California Rural Legal Assistance, Inc., Franchesca S. Verdin, Monica De La Hoya and Cynthia L. Rice, as Amicus Curiae on behalf of Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Tannaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent.